## Josephine A. Walker v. Calvin T. Boger.

1. PERFORMANCE—*A Prerequisite to a Recovery.*—A contractor who engages to complete a work for a specified price, and without sufficient cause abandons his work before its completion, can not recover.

Assumpsit, on a building contract. Trial in the City Court of Aurora; the Hon. RUSSELL P. GOODWIN, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1899. Reversed and remanded. Opinion filed July 20, 1899.

ALSCHULER & MURPHY, attorneys for appellant.

NICHOLS, SEARS & SMITH, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was an action of assumpsit, brought in the City Court of Aurora, by appellee against the appellant, Josephine A. Walker, and her husband, H. W. Walker, the suit being afterward, before the verdict was rendered, dismissed as to the latter.

The declaration charges that appellee entered into a

written contract with appellant to construct for her a stone addition to her house and to furnish all labor and material for the same; that after the work had been partially completed he was prevented from fully completing the same by the wrongful acts of appellant, and thereby sustained loss and damage. To this declaration appellant filed the general issue, with notice that she would give in evidence that appellee, on September 24, 1898, entered into a written contract with appellant to erect for her an addition to her house, for the sum of $521.25; that when the work provided for by said contract was partially completed the same was abandoned without just or legal cause by appellee, who refused to complete the same; that appellant was, by reason of the non-fulfillment of his contract by appellee, compelled to complete the work herself, and thereby sustained damages in a sum greater than the balance which would have been due and owing to appellee had he completed the work and fulfilled his contract.

Upon the trial the jury gave a verdict against appellant for $221.96, and a motion for a new trial having been overruled by the court, judgment was entered for that amount.

It appears from the evidence that after the work had been commenced and partially completed by appellee, a dispute arose between the parties as to the manner in which certain portions of the work were to be done. Appellee claimed that if he did the work in the manner demanded of him by appellant, he must be allowed extra compensation for the portion in dispute. The contract itself was not specific upon these matters, so that it was necessary to rely upon extrinsic evidence.

The only question presented by the record, or the argument of counsel, is whether the evidence was sufficient to sustain the verdict. It would serve no useful purpose to go at length into the evidence, but it is very doubtful whether appellee, by his own testimony, was justified in giving up the work. The weight of the evidence certainly appears to be against him.

It is possible there might be some legal question arising

under the facts as to the right of the contractor to abandon his work, but as no question of law has been presented to us, it is not necessary to consider that question.

The judgment of the court below will be reversed and the cause remanded for another trial. Reversed and remanded.